**PET**
JAMES W. HOWARD, ESQ.
Nevada Bar No. 4636
THE HOWARD LAW FIRM
9030 W. Cheyenne Avenue, #210
Las Vegas, Nevada 89129
Tel: 702-293-4600
Fax: 702-993-4009
Attorneys for Defendant
jhoward@howardlawlv.com

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA MONARREZ, an Individual,<br><br>        Plaintiff,<br><br>vs.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio insurance company; DOES I through X; and ROE BUSINESS ENTITIES XI through XX, inclusive,<br><br>        Defendants. | Case No.<br><br><br><br>**PETITION FOR REMOVAL** |

Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY, removes this action from the Eighth Judicial District Court, Clark County, Nevada, Case No. A-17-764850-C to the United States District Court, District of Nevada, pursuant to **28 U.S.C. §§1332 and 1441.**

This matter is proper for removal pursuant to **U.S.C. §1441**because the United States District Court, District of Nevada, now has jurisdiction pursuant to **U.S.C. §1332** as follows:

1. This matter is a claim for damages for breach of uninsured motorist insurance contract, tortious breach of the convenant of good faith and fair dealing (bad faith), violation of unfair claims practices act, and unjust enrichment. The Complaint requests compensatory damages, special damages, exemplary and punitive damages, and reasonable attorney's fees.

2. On November 16, 2017, Plaintiff BRENDA MONARREZ filed her Complaint against PROGRESSIVE DIRECT INSURANCE COMPANY in the Eighth Judicial District Court, Clark County, Nevada, Case No.: A-17-764850-C (Exhibit A). The Complaint alleges that Plaintiff was injured as the result of a rear end car accident, and she incurred nine-thousand seven hundred dollars in

medical bills.   The other driver's insurance paid Plaintiff its' $15,000 policy limits of available automobile coverage, and Plaintiff made a claim for underinsured motorist benefits pursuant to her policy of insurance with Defendant.   In response, Defendant offered to settle with Plaintiff for $500, and Plaintiff alleges that Defendant had no reasonable basis for offering such a low settlement amount. (Exhibit A).

3.   On December 18, 2017, Defendant PROGRESSIVE DIRECT INSURANCE COMPANY filed it's Answer to Plaintiff's Complaint (Exhibit B).

4.   The Complaint seeks general damages in excess of $10,000 (Exhibit A).

5.   As a result of the accident, Plaintiff BRENDA MONARREZ is claiming damages for breach of insurance contract, bad faith, violation of unfair claims practices act, unjust enrichment and is asking for compensatory and punitive damages (Exhibit A, ¶¶ 37, 46, 51, 54 and 65) in addition to attorney's fees.

6.   Defendant PROGRESSIVE DIRECT INSURANCE COMPANY removes this case based upon **diversity of jurisdiction pursuant to 28 U.S.C. §1332**

a)    Diversity of Citizenship: There is diversity of citizenship in that, pursuant to 28 U.S.C. §1332(a), the citizenship of each plaintiff is diverse from the citizenship of each Defendant.   *Caterpillar v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996).

1)    At the time of the filing of the Complaint, Plaintiff BRENDA MONARREZ was a resident of Clark County, Nevada.

2)    PROGRESSIVE DIRECT INSURANCE COMPANY is a corporation with its principal place of business in Ohio.

b)    Amount in Controversy Exceeds $75,000.   In her Complaint, Plaintiff claims general damages in excess of $10,000.   Pursuant to N.R.C.P. 8(a), when a claimant seeks damages in excess of $10,000, the claimant only needs to demand damages as such without any specification of the amount.

Thus when the amount in controversy is not set forth in the Complaint, the removal petition can be considered in determining such amount. *Singer v. State*

*Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9ᵗʰ Cir. 1997). The amount of controversy is established if, by a preponderance of evidence, the removing party can establish the amount in controversy is above $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,1117 (9ᵗʰ Cir. 2004). The type of evidence defendants may rely upon to satisfy the preponderance of evidence threshold includes facts presented in the removal petition as well as relevant "summary-judgment-type evidence". *Id*, quoting *Matheson v. Progressive Speciality Ins. Co.*; 319 F3d 1089, 1090 (9ᵗʰ Cir. 2003).

To date, Plaintiff is claiming she incurred total medical bills $9,764.21 (Exhibit C, Plaintiff's Petition for Exemption from Arbitration). Plaintiff filed this Petition for Exemption from Arbitration on February 22, 2018, and it was at that time that Defendant first learned that Plaintiff contended that the case exceeded the $50,000 value to take the case out of the state court's mandatory Arbitration program. Accordingly, the amount in controversy is above the jurisdictional threshold.

7. This Notice is timely submitted pursuant to 28 U.S.C. §1446(b) as it is filed before one year after commencement of this action. It should be noted that part of this action is a consolidated claim of a Justice Court lawsuit that was filed on February 27, 2017, that involved the breach of contract claim and claim for special damages and declaratory relief. (Exhibit D). That lawsuit was consolidated with the instant lawsuit by Order of the Court on January 24, 2018, but the Justice Court lawsuit, even though filed over a year ago, was jurisdictionally limited to a maximum recovery of $15,000, and it did not request punitive damages or make allegations that Defendant was in bad faith.

8. Pursuant to 28 U.S.C. §1446(a), the following documents from the state court action, Eighth Judicial District Court, Clark County, Nevada, Case No. A-17-764850-C are attached:

1) Plaintiff's Complaint (Exhibit A);

2) Defendant's Answer (Exhibit B).

3) Plaintiff's Petition for Exemption from Arbitration (Exhibit C).

4) Notice of Entry of Order re Motion to Consolidate (Exhibit E).

9.   Pursuant to 28 U.S.C. §1446(d), this Notice is being served upon Plaintiff BRENDA MONARREZ and Plaintiff's counsel.  A copy is also being filed with the clerk of the court for the Eighth Judicial District Court, Clark County, Nevada.

DATED this ___13___ day of ___march___, 2018.

THE HOWARD LAW FIRM

By _____
JAMES W. HOWARD, ESQ.
Nevada Bar No. 4636
9030 W. Cheyenne Avenue, #210
Las Vegas, Nevada 89129
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of **Petition for Removal** was made on the 13 day of March, 2018, as indicated below:

___   By first class mail, postage prepaid from Las Vegas, Nevada pursuant to N.R.C.P. 5(b) addressed as follows below
___   By facsimile, pursuant to EDCR 7.26 (as amended)
___   By receipt of copy as indicated below
_X_   Via Court authorized electronic service

Al Lasso, Esq.
10161 Park Run Drive, #105
Las Vegas, NV 89145
*facsimile: 702-835-6981*
Attorney for Plaintiff

_____
An Employee of THE HOWARD LAW FIRM

4

Exhibit A

**ACOM**
AL LASSO, ESQ.
Nevada Bar No.:8152
EVAN K. SIMONSEN, ESQ.
Nevada Bar No. 13762
**LASSO INJURY LAW, LLC.**
10161 Park Run Dr., Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Telephone
(702) 835-6981 – Facsimile
al@lassoinjurylaw.com
evan@lassoinjurylaw.com
*Attorneys for Plaintiff*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

\* \* \*

BRENDA MONARREZ, an Individual;

Plaintiff,

v

PROGRESSIVE DIRECT INSURANCE
COMPANY, an Ohio insurance company;
DOES I through X; and ROE BUSINESS
ENTITIES XI through XX, inclusive,

Defendants.

CASE NO.: A-17-764850

DEPT NO.: 10

## **COMPLAINT**

COMES NOW, Plaintiff, BRENDA MONARREZ, by and through her counsel of record, Al Lasso, Esq. and Evan K. Simonsen, Esq., of LASSO INJURY LAW, LLC, for her causes of actions against Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY; DOES I through X; and ROE BUSINESS ENTITIES XI through XX, and alleges as follows:

///

///

///

///

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

## JURISDICTION

1.     At all times relevant hereto, Plaintiff BRENDA MONARREZ (hereinafter "Brenda") or "Plaintiff"), was and is a resident of the County of Clark, State of Nevada.

2.     At all times relevant hereto, Plaintiff believes that Defendant PROGRESSIVE DIRECT INSURANCE (hereinafter "Progressive" or "Defendant") was and is an Ohio insurance company doing business and providing insurance in the State of Nevada, County of Clark.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES I through X and/or ROE BUSINESS ENTITIES XI through XX, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. The Plaintiff is informed and believes and thereupon alleges that Defendant designated herein as a DOES and/or ROES are any one of the following:

a)     A party responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiffs as herein alleged;

b)     Parties that were the agents, servants, employees, and contractors of the Defendants, and each of them, acting within the course and scope of their agency, employment, or contract;

c)     Parties that owned, leased, managed, operated, secured, inspected, repaired, maintained, entrusted and/or were responsible for Defendant's vehicle at the time of this incident;

d)     Parties that were responsible for the supervision of one or more of the Defendant herein; and

e)     Parties that have assumed or retained the liabilities of any of the Defendant's vehicle by virtue of an agreement, sale, transfer or otherwise. The Plaintiff specifically complains and alleges causes of action against these parties. However, as of the filing of this Complaint, Plaintiff is not sure as to whether those entities are individuals, a partnership, a limited partnership, a Corporation, an association of individuals and business, co-ventures, or some other form of business ownership.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

-2-

1   When the same have been ascertained by Plaintiff, together with the appropriate

2   charging allegations, Plaintiff will ask leave of this Court to amend this Complaint

3   to insert the true names and capacities of said Defendant, DOES I through X, and/or

4   ROE BUSINESS ENTITIES XI through XX, inclusive and join such Defendant in

5   this action.

6   4.   That the true names or capacities of Defendants, ROE BUSINESS ENTITIES I

7   through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such

8   fictitious names. Defendants designated herein as ROE BUSINESS ENTITIES I through X, and

9   each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a

10  joint venture with, and/or serving as an alter ego of, any and/or all Defendants named herein;

11  and/or are entities responsible for the supervision of the individually named Defendants at the time

12  of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise

13  directing the individual Defendants in the scope and course of their responsibilities at the time of

14  the events and circumstances alleged herein; and/or are entities otherwise contributing in any way

15  to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein.

16  Plaintiff is informed and, on that basis believes and thereon alleges, that each of the Defendants

17  designated as a ROE BUSINESS ENTITY is in some manner negligently, vicariously, and/or

18  statutorily responsible for the events and happenings referred to and caused damages to Plaintiff

19  as herein alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true

20  names of such Defendants when the same have been ascertained.

21  5.   At all times material to this Complaint, the acts and omissions giving rise to this

22  action occurred in Clark County, Nevada.

23  6.   That the resulting impact caused Plaintiff to suffer serious, physical, emotional, and

24  financial injury, as more fully set forth herein.

25  **GENERAL FACTUAL ALLEGATIONS**

26  7.   The Plaintiff repeats and realleges the allegations as contained in the preceding

27  paragraphs herein, and incorporates the same herein by reference.

28

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

8.      Plaintiff Brenda Monarrez, paid for underinsured motorist coverage with her automobile insurer, Defendant Progressive Direct Insurance Company (hereinafter "Defendant" or "Progressive").

9.      All required premium payments due under said policy were paid and there was a binding contract of insurance in full force providing coverage for Plaintiff on March 15, 2016.

10.     On or about March 15, 2016, Brenda was involved in an automobile crash while operating her 2015 Toyota Rav4 with Nevada license number 195ZAV, which occurred on Mountain Vista Street.

11.     On said date and at said time, Brenda was travelling north on Mountain Vista Street, and was stopped behind traffic due to a white pickup truck making a right turn into a private drive when suddenly and without warning, Ms. Jessica Marie Fein, who was driving a 2004 Hyundai Elantra, did not decrease her speed as she approached the stopped vehicles and collided with the rear of Brenda's vehicle.

12.     Upon a field investigation, Ms. Fein left approximately fifty-five feet (55') of visible, pre-impact, skid.

13.     That Ms. Fein was cited for following too close by the investigating officer.

14.     The sole and proximate cause of said collision was the negligence and carelessness of Ms. Fein.

15.     Said collision caused the Plaintiff to be injured in her health, strength, and well-being and to sustain severe and permanent injury to her body and shock and injury to her nervous system and person, all of which have caused the Plaintiff, and will continue to cause the Plaintiff in the future, severe mental, physical, and nervous pain and suffering.

16.     As a further proximate result of said collision, the Plaintiff was required to, and did, employ physicians, and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby.

17.     That prior to the injuries complained of herein, Plaintiff was able-bodied, readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

-4-

18.     As a result of the collision, Brenda suffered personal injuries with medical bills totaling over nine-thousand seven-hundred dollars ($9,700).

19.     The other driver carried a minimum insurance policy of fifteen-thousand dollars ($15,000.00), and paid the policy limit to Brenda.

20.     On or about February 6, 2017, Brenda made a claim with Progressive for the policy limits of her underinsured motorist benefits, fifteen-thousand dollars ($15,000.00).  Attached to Plaintiff's demand requesting that Progressive pay the UIM policy limits, were the medical records and billing showing the severity of Plaintiff's injuries.

21.     On or about February 13, 2017, Progressive rejected Brenda's offer to settle her underinsured motorist claim and made a counter offer of five-hundred dollars ($500).

22.     Progressive has no reasonable basis for offering such a low settlement amount.

23.     On or about February 24, 2017, Brenda filed a lawsuit against Progressive for breach of the underinsured motorist coverage.

24.     On or about September 6, 2017, Progressive produced documentation as part of their Amended Responses to Plaintiff's Requests for Production, which indicated that Progressive had raised the reserve for Brenda's claim to five-thousand dollars ($5,000.00).

25.     Defendant Progressive breached its contract with Plaintiff by choosing not to pay the benefits under Plaintiff's underinsured motorist policy.

26.     Upon information and belief, Progressive intentionally attempted to settle Brenda's underinsured motorist claim in bad faith, offering ten percent (10%) of the value of her claim.

27.     Progressive has refused to pay the full and proper value of Plaintiff's valid underinsured motorist claim.

28.     Plaintiff's underinsured motorist claim is a loss covered by the Progressive policy.

29.     Progressive has all the knowledge to support payment of Plaintiff's claim and with no reasonable basis continues to refuse to pay the full and proper value of the claim.

30.     Defendant Progressive has a duty to evaluate and value Plaintiff's claim and compensate her for her damages.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

31.     Defendant Progressive has failed to timely make an adequate payment to Plaintiff, as was required by the subject Policy.

32.     Defendant Progressive's refusal to pay the full and proper value of Plaintiff's claim was made without a reasonable basis in fact or law.

33.     Defendant Progressive's failure to pay any undisputed amounts was made in bad faith and for the purpose of denying the benefits of contract for uninsured/underinsured motorist coverate to Plaintiff.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

34.     Plaintiff repeats and realleges each and every fact set forth in the preceding paragraphs, as though set forth fully herein.

35.     At all times relevant herein, Plaintiff and Defendant were parties to a valid and enforceable contract whereby Plaintiff had paid premiums in exchange for benefits under an uninsured motorist insurance policy.

36.     Defendant has refused, and continues to refuse to pay sums legally due and owing to Plaintiff pursuant to the terms of the subject insurance policy.

37.     The Defendant's choice to not pay the sums legally due and owing to Plaintiff pursuant to the terms of the subject insurance policy is a material breach of the said insurance policy.

38.     As a direct and proximate result of the breach of contract, Plaintiff has suffered general damages, in an amount in excess of ten-thousand dollars ($10,000.00), and special or consequential damages, which would be foreseeable to a reasonable person in the insurer's position, in an amount to be proven at the time of trial, together with prejudgment interest at the rate allowed by law.

39.     It has been necessary for Plaintiff to retain the services of attorneys to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

///

///

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

34-39

## SECOND CAUSE OF ACTION

### (Tortious Breach of the Covenant of Good Faith and Fair Dealing – Bad Faith)

40.   Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein, and incorporates the same herein by reference.

41.   Nevada law recognizes an implied covenant of good faith and fair dealing in every contract. Particularly, Nevada law recognizes the duty of insurers to act in good faith when dealing with their insureds.

42.   Plaintiff and Defendant were bound by a contractual relationship pursuant to the Policy.

43.   Plaintiff and Defendant were part of a special relationship of reliance, with Defendant being in the superior and entrusted position of an insurer.

44.   The express and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in these implied promises, obligated Progressive to act in good faith toward and to deal fairly with Plaintiff.

45.   Defendant Progressive further owed a duty to the Plaintiff to ensure it did not impair the Plaintiff's right to receive benefits of the above described policy of insurance.

46.   Defendant breached the implied covenant of good faith and fair dealing during the underlying breach of contract case when it failed to deal fairly and in good faith with Brenda and refused to pay the proper value of her claim.

47.   Defendant's refusal to pay the full and proper value of Brenda's claim was unreasonable and done so with the knowledge that Defendant had no reasonable basis for its conduct.

48.   The failure of Progressive, to exercise good faith and fair dealing has resulted in substantial delay in receipt of benefits to which Plaintiff is entitled.

49.   Defendant also violated several provisions of the Unfair Claims Practices Act during the breach of contract case, and these violations were unreasonable and done so with knowledge that Defendant had no reasonable basis for its conduct.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

-7-

50.   As a direct and proximate result of the Defendant's bad faith refusal to settle Brenda's underinsured motorist claim for its full and proper value, Plaintiff sustained damages, both general and special, in excess of ten-thousand dollars ($10,000.00).

51.   Defendant refused to settle Brenda's underinsured motorist claim for its full and proper value with a conscious disregard for the rights of Plaintiff, subjecting her to unjust hardship. Plaintiff thereby requests punitive damages pursuant to common law and NRS 42.005 for the oppression, fraud and/or malice, express or implied, in Defendant's bad faith conduct related to Plaintiff's underinsured motorist claim.

52.   The actions of Defendant has forced Plaintiff to retain counsel to represent her in the prosecution of this action, and she is therefore entitled to an award of a reasonable amount as attorney fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Violation of Unfair Claims Practices Act)

53.   Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein, and incorporates the same herein by reference.

54.   Defendant's actions were in violation of provisions of the Unfair Claims Practices Act, codified as NRS 686A.310 et seq., specifically sections (e), (f), and (g), and these violations were done with Defendant's actual or implied knowledge.

55.   Defendant Progressive failed to effectuate a prompt, fair and equitable settlement of claims in which its liability had become reasonably clear, as prohibited by NRS § 686A.310(1)(e).

56.   Progressive compelled Plaintiff to institute litigation to recover amounts due under the Policy, as prohibited by NRS 686A.310(f).

57.   Progressive attempted to settle the claim for less than the amount of which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application, in violation of NRS § 686A.310(1)(g).

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

-8-

58. The actions of Progressive as described herein, constitute a Breach of the Covenant of Good Faith and Fair Dealing with Plaintiff.

59. As a direct and proximate result of the Defendant's bad faith denial and dispute of underinsured motorist coverage, Plaintiff sustained damages, both general and special, in excess of ten-thousand dollars ($10,000.00).

60. Defendant violated NRS 686A.310 with a conscious disregard for the rights of Plaintiff, subjecting her to unjust hardship. Plaintiff thereby requests punitive damages pursuant to common law and NRS 42,005 for the oppression, fraud and/or malice, express or implied, in Defendant's bad faith denial of Plaintiff's underinsured motorist claim.

51. The actions of Defendants have forced Plaintiff to retain counsel to represent her in the prosecution of this action, and she is therefore entitled to an award of a reasonable amount as attorney fees and costs.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

62. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

3. Pursuant to the contractual arrangement between the parties, Progressive was obligated to pay Plaintiff for damages received as a result of any collision with and underinsured motorist.

64. Retaining amounts it was required to pay pursuant to the contractual agreement has unjustly enriched Defendant Progressive.

65. The actions of Progressive, as described herein, constitute unjust enrichment at the Plaintiff's expense.

66. Defendant violated NRS 686A.310 with a conscious disregard for the rights of Plaintiff, subjecting her to unjust hardship.

67. As a direct and proximate result of the Defendant's bad faith denial and dispute of underinsured motorist coverage, Plaintiff sustained damages, both general and special, in excess of ten-thousand dollars ($10,000.00).

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

68.   The actions of Defendants have forced Plaintiff to retain counsel to represent her in the prosecution of this action, and she is therefore entitled to an award of a reasonable amount as attorney fees and costs.

## FIFTH CAUSE OF ACTION

### (Special Damages)

69.   Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

70.   Plaintiff has and will have to incur attorney fees to enforce her rights as a result of the conduct of the Defendant indicated in the First, Second, Third, and Fourth Claims for Relief.

71.   The attorneys' fees that Plaintiff has and will incur are foreseeable damages arising from the conduct set forth in the First, Second, Third, and Fourth Claims for Relief.

72.   The attorneys' fees that Plaintiff has and will incur are the natural and proximate consequence of the conduct referred to above and in the First, Second, Third, and Fourth Claims for Relief.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

73.   Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

74.   An actual controversy has arisen amongst the parties with respect to the allegations set forth above.

75.   Plaintiff seeks declaratory relief from the Court with respect to the rights and obligations of the parties, to the extent said rights and obligations are not fully governed by the claims for relief set forth above.

WHEREFORE, Plaintiff, BRENDA MONARREZ, expressly reserving her right to amend her Complaint at the time of trial, to include all items of damage not yet ascertained, demands judgment against Defendants, PROGRESSIVE DIRECT INSURANCE COMPANY; DOES I through X; and ROE BUSINESS ENTITIES XI through XX, inclusive and each of the defendants as follows:

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

-10-

1.  For Plaintiff, general damages, in an amount in excess of ten-thousand dollars ($10,000.00), to be set forth and proven at the time of trial;

2.  For Plaintiff, special damages in an amount in excess of ten-thousand dollars ($10,000.00), to be set forth and proven at the time of trial;

3.  For Plaintiff, exemplary and punitive damages;

4.  For Plaintiff, reasonable attorney's fees;

5.  For Plaintiff, cost of suit incurred; pre-judgment interest incurred; and post-judgment interest incurred; and

6.  For Plaintiff, such other and further relief as to the Court seems just and proper.

DATED this _____ day of November 2017.

**LASSO INJURY LAW, LLC**

AL LASSO, ESQ.
Nevada Bar No. 8152
EVAN K. SIMONSEN, ESQ.
Nevada Bar No. 13762
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

**LASSO INJURY LAW**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a jury trial as a matter of right.

3  DATED this _____ day of November, 2017.

4                                              **LASSO INJURY LAW, LLC**

5                                              _____

6                                              AL LASSO, ESQ.
                                               Nevada Bar No. 8152
7                                              EVAN K. SIMONSEN, ESQ.
                                               Nevada Bar No. 13762
8                                              10161 Park Run Drive, Suite 150
                                               Las Vegas, Nevada 89145
9                                              *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LASSO INJURY LAW**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

-12-

Exhibit B

Electronically Filed
12/18/2017 9:52 AM
Steven D. Grierson
CLERK OF THE COURT

1   **ANSC**
    JAMES W. HOWARD, ESQ.
2   Nevada Bar No. 4636
    THE HOWARD LAW FIRM
3   9030 W. Cheyenne Avenue, #210
    Las Vegas, Nevada 89129
4   Tel: 702-293-4600
    Fax: 702-993-4009
5   Attorneys for Defendant
    jhoward@howardlawlv.com
6

7                          **DISTRICT COURT**

8                       **CLARK COUNTY, NEVADA**

9

10

| | |
|---|---|
| BRENDA MONARREZ, an Individual, | Case No.   A-17-764850-C |
|         Plaintiff, | Dept. No.   X |
| vs. | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio insurance company; DOES I through X; and ROE BUSINESS ENTITIES XI through XX, inclusive, | **ANSWER TO COMPLAINT** |
|         Defendants. | |

16       COMES NOW Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY, by and through

17   its' attorney, JAMES W. HOWARD, ESQ., of THE HOWARD LAW FIRM, and answering Plaintiff's

18   Complaint on file herein, admits, denies, and alleges as follows:

19       Defendant denies each and every paragraph contained within the Plaintiff's Complaint on file

20   herein, save and except for those matters that are expressly addressed hereinafter.

21                         **JURISDICTION**

22                             I.

23       Answering Paragraphs 1, 3, 4, 5 and 6, Defendant is without sufficient knowledge or information

24   to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies same.

25                           II.

26       Answering Paragraph 2, Defendant admits each and every allegation contained therein.

27   . . .

28   . . .

                                    1

## GENERAL FACTUAL ALLEGATIONS

### III.

This Answering Defendant repeats, realleges and incorporates herein by reference its' answers to Paragraphs 1-6 of the Jurisdiction as though fully set forth herein.

### IV.

Answering Paragraphs 8, 9, 19, 21, 23, 24, 28, 29 and 30, Defendant admits each and every allegation contained therein.

### V.

Answering Paragraphs 10, 11, 12, 13, 14, 17 and 18, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies same.

### VI.

Answering Paragraph 20, Defendant admits each and every allegation contained in, *"On or about February 6, 2017, Brenda made a claim with Progressive for the policy limits of her underinsured motorist benefits, fifteen-thousand dollars ($15,000.00). Attached to Plaintiff's demand requesting that Progressive pay the UIM policy limits, were the medical records and billing..."*

As for the remainder of Paragraph 20, Defendant denies each and every allegation contained therein.

### VII.

Answering Paragraphs 15, 16, 22, 25, 26, 27, 29, 31, 32 and 33, Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### VIII.

This Answering Defendant repeats, realleges and incorporates herein by reference its' answers to Paragraphs 7-38 of the General Factual Allegations as though fully set forth herein.

### IX.

Answering Paragraph 35, Defendant admits each and every allegation contained therein.

. . .

**X.**

Answering Paragraphs 36, 37, 38 and 39, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**XI.**

This Answering Defendant repeats, realleges and incorporates herein by reference its' answers to Paragraphs 34-39 of the First Cause of Action as though fully set forth herein.

**XII.**

Answering Paragraphs 41, 42, 43, 44 and 45, Defendant admits each and every allegation contained therein.

**XIII.**

Answering Paragraphs 46, 47, 48, 49, 50, 51 and 52, Defendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

**XIV.**

This Answering Defendant repeats, realleges and incorporates herein by reference its' answers to Paragraphs 40-52 of the Second Cause of Action as though fully set forth herein.

**XV.**

Answering Paragraphs 54, 55, 56, 57, 58, 59, 60 and 61, Defendant denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**XVI.**

This Answering Defendant repeats, realleges and incorporates herein by reference its' answers to Paragraphs 53-61 of the Third Cause of Action as though fully set forth herein.

**XVII.**

Answering Paragraph 63, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies same.

. . .

XVIII.

Answering Paragraphs 64, 65, 66, 67 and 68, Defendant denies each and every allegation contained therein.

**FIFTH CAUSE OF ACTION**

XIX.

This Answering Defendant repeats, realleges and incorporates herein by reference its' answers to Paragraphs 62-68 of the Fourth Cause of Action as though fully set forth herein.

XX.

Answering Paragraphs 70, 71 and 72, Defendant denies each and every allegation contained therein.

**SIXTH CAUSE OF ACTION**

XXI.

This Answering Defendant repeats, realleges and incorporates herein by reference its' answers to Paragraphs 69-72 of the Fifth Cause of Action as though fully set forth herein.

XXII.

Answering Paragraphs 74 and 75, Defendant denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The incidents referred to in the Complaint, and any and all damages resulting therefrom, were proximately caused in whole or in part, or were contributed to by the negligence or other conduct of the Plaintiff, which negligence or other conduct causally contributed to the incidents referred to in the Complaint and any damages resulting therefrom, in greater degree than any conduct or negligence, which is specifically denied, of this answering Defendant.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff has failed to mitigate damages, if any, and to the extent of such failure of such mitigation, is precluded from recovery herein.

4

1

### FOURTH AFFIRMATIVE DEFENSE

2

The injuries and damages, if any, referred to in Plaintiff's Complaint were caused in whole or in

3

part by the negligence or otherwise actionable conduct of a third party or third parties over which this

4

answering Defendant had no control.

5

### FIFTH AFFIRMATIVE DEFENSE

6

The damages, if any, claimed by Plaintiff herein were caused by new, independent, intervening

7

and superseding causes, and not by this answering party's alleged negligence or other actionable conduct,

8

the existence of which is specifically denied.

9

### SIXTH AFFIRMATIVE DEFENSE

10

This matter is subject to mandatory arbitration.

11

### SEVENTH AFFIRMATIVE DEFENSE

12

Attorney's fees are only recoverable through contract or by statute and are not recoverable as

13

damages in a lawsuit for personal injury damages.  Plaintiff's claim for attorney's fees as alleged in the

14

Complaint are not recoverable herein and have been improperly pled in Plaintiff's Complaint. Defendant

15

specifically reserves the right to have Plaintiff's improperly pled claim for attorney's fees dismissed prior

16

to trial.

17

### EIGHTH AFFIRMATIVE DEFENSE

18

All or part of the damages being claimed in this matter are barred by the doctrine of accord and

19

satisfaction.

20

### NINTH AFFIRMATIVE DEFENSE

21

Pursuant to N.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged

22

herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of

23

Defendant's Answer and, therefore, Defendant  reserves the right to amend the Answer to allege

24

additional affirmative defenses if subsequent investigation warrants.

25

### TENTH AFFIRMATIVE DEFENSE

26

The automobile accident alleged in the Complaint was staged on purpose by the Plaintiff and/or

27

the driver of the vehicle in which Plaintiff was a passenger and was therefore an act of fraud.

28

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY, prays for judgment as follows:

1.     That Plaintiff take nothing by way of her Complaint on file herein;

2.     For reasonable attorney's fees and costs of suit incurred herein; and,

3.     For such other and further relief as the Court may deem just and proper.

DATED this 18th day of December, 2017.

THE HOWARD LAW FIRM

/s/ James W. Howard

By _____
JAMES W. HOWARD, ESQ.
Nevada Bar No. 4636
9030 W. Cheyenne Avenue, #210
Las Vegas, Nevada 89129
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that service of a true and correct copy of **ANSWER TO COMPLAINT** was made on the 18th day of December, 2017, as indicated below:

___    By first class mail, postage prepaid from Las Vegas, Nevada pursuant to N.R.C.P. 5(b) addressed as follows below
___    By facsimile, pursuant to EDCR 7.26 (as amended)
___    By receipt of copy as indicated below
_X_    Via Court authorized electronic service

Al Lasso, Esq.
10161 Park Run Drive, #105
Las Vegas, NV 89145
*facsimile: 702-835-6981*
Attorney for Plaintiff

/s/ Karen Thomas

_____
An Employee of THE HOWARD LAW FIRM

Exhibit C

ELECTRONICALLY SERVED
2/22/2018 3:35 PM

**PET**
AL LASSO, ESQ.
Nevada Bar No. 8152
EVAN K. SIMONSEN, ESQ.
Nevada Bar No. 13762
LASSO INJURY LAW, LLC
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Telephone
(702) 835-6981 – Facsimile
AL@lassoinjurylaw.com
Evan@lassoinjurylaw.com
*Attorneys for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

BRENDA MONARREZ, and Individual,

               Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY, an Ohio insurance company; DOES
I through X; and ROE BUSINESS ENTITIES XI
through XX, inclusive,

               Defendants.

CASE NO.: A-17-764850-C

DEPT NO.: 10

**PLAINTIFF'S PETITION FOR
EXEMPTION FROM ARBITRATION**

COMES NOW, Plaintiff, BRENDA MONARREZ, by and through her attorneys of record, AL LASSO, ESQ. and EVAN K. SIMONSEN, ESQ., of LASSO INJURY LAW, LLC, and petition for exemption from arbitration.

Plaintiff, NIKITA RONOLO, hereby requests that the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

    1. __X__ Presents a significant issue of public policy;

    2. __X__ Involves an amount in issue in excess of $50,000.00, exclusive of interest and costs;

    3. __X__ Presents unusual circumstances which constitute good cause for removal from the program.

*(vertical left margin)* LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

-1-

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

1    A summary of the specific facts which supports Plaintiff's request for exemption is as

2    follows:

3    Plaintiff seeks exemption on the basis that this case presents an unusual procedural history

4    adequate to show unusual circumstances constituting good cause for removal.  Moreover, and

5    perhaps more importantly, this is a UIM case, and is therefore an issue of public policy requiring

6    removal from the Arbitration Program.  Finally, Plaintiff believes this case will likely exceed the

7    $50,000.00 threshold needed to be exempted from the Court Annexed Arbitration Program.

8    The procedural history of this matter is unusual because the Answer was filed while the

9    parties were awaiting a ruling on a Motion to Consolidate Claims and Cases.  As a result, Plaintiff's

10   counsel did not file the instant motion within 20 days of the filing of Defendant's Answer, pursuant

11   to Rule 3(A) of the Nevada Arbitration Rules.  Had Plaintiff's Motion failed, then the underlying

12   factual claims would have continued in Justice Court, and the monetary aspect of the instant

13   Petition would have been moot.  Rather than waste valuable Court resources ruling on a Petition

14   that may or may not have been partially moot, Plaintiff's counsel decided to wait until after the

15   Motion to Consolidate Claims was ruled upon.  While NAR 3(A) sets the deadline for filing a

16   Petition at 20 days after the filing of an Answer, this is an unusual situation that could have created

17   contrary rulings were the Court to grant the Petition and then Deny the Motion to Consolidate

18   Claims.[1]

19   Shortly after the ruling on said Motion to Consolidate Claims, and less than one week after

20   the order was entered, Plaintiff's counsel started a two-week trial in another department.  With the

21   conclusion of the trial, counsel discovered that order was entered, and now respectfully submits

22   the instant petition as a result.[2]

23   As a matter of public policy, this petition should be granted. "UIM insurance serves an

24   important public purpose to 'provide maximum and expeditious protections to the innocent victims

25   of financially irresponsible motorists.'"  Given the public policy considerations concerning

26

27   [1] This would have created an issue because the instant Petition is, in part, premised on the monetary concerns, which
     would not have existed if Plaintiff had been denied the Motion to Consolidate Claims.

28   [2] Adding the three days for mailing, pursuant to NRCP 6(e), and tolling the 20-day deadline for the Court holiday on
     February 19, 2018, President's day, the deadline to file the instant Petition is February 22, 2018.

UM/UIM protection, we review attempts to restrict such coverage with a high degree of scrutiny."
See State Farm Mut. Auto. Ins. Co. v. Fitts, 120 Nev. 707, 710; 99 P.3d 1160, 1162 (2004). Thus,
to deny a plaintiff the right to a jury trial in an uninsured motorist case would violate Nevada's
public policy. See id. (holding that altering the time frame in which a Plaintiff can bring suit is
unenforceable and void against public policy); see also State Farm Mut. Auto. Ins. Co. v. Hinkel,
87 Nev. 478, 483; 488 P:2d 1151, 1154 (1971) (holding that it is against public policy to deny any
insured person within the meaning of the statute from uninsured motorist coverage by provisions
in the policy). Here, Brenda carried uninsured/underinsured motorist coverage, for which she paid
a premium. Thus, consistent with Nevada's public policy, Plaintiff respectfully requests that her
petition be granted.

Further, Plaintiff respectfully submits that she is seeking damages for personal injuries,
pain and suffering, and emotional distress in an amount in excess of $50,000.00. Brenda suffered
injuries as a result of the attack, to include a neck and back sprain. Her medical specials to date
are as follows:

| | Medical Provider: | Amount of Specials: |
|---|---|---|
| 1. | Alegis for Summerlin Hospital | $4,227.00 |
| 2. | Transworld Systems for Shadow Emergency Physicians | $773.00 |
| 3. | Nicola Chiropractic | $4,674.21 |
| | **Total (To Date)** | **$9,674.21** |

Nevada Arbitration Rule 3 governs matters subject to arbitration, and states in relevant
part:

Rule 3. Matters subject to arbitration
    (A) All civil cases commenced in the district courts that have a probable jury award value
not in excess of $50,000 per plaintiff, exclusive of interest and costs, and regardless of
comparative liability, are subject to the program, except class actions, appeals from courts
of limited jurisdiction, probate actions, divorce and other domestic relations actions,
actions seeking judicial review of administrative decisions, actions concerning title to real
estate, actions for declaratory relief, actions governed by the provisions of NRS 41A.003
to 41A.069, inclusive, actions presenting significant issues of public policy, actions in
which the parties have agreed in writing to submit the controversy to arbitration or other
alternative dispute resolution method prior to the accrual of the cause of action, actions
seeking equitable or extraordinary relief, actions that present unusual circumstances that

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

constitute good cause for removal from the program, actions in which any of the parties is incarcerated and actions utilizing mediation pursuant to Subpart C of these rules.[3]

NAR 5 governs exemptions from arbitration, and states in relevant part:

Rule 5. Exemptions from arbitration
   (A) A party claiming an exemption from the program pursuant to Rule 3(A) on grounds other than the amount in controversy, the presentation of significant issues of public policy, or the presentation of unusual circumstances that constitute good cause for removal from the program will not be required to, file a request for exemption if the initial pleading specifically designates the category of claimed exemption in the caption. Otherwise, if a party believes that a case should not be in the program, that party must file with the commissioner a request to exempt the case from the program and serve the request on any party who has appeared in the action. The request for exemption must be filed within 20 days after the filing of an answer by the first answering defendant, and the party requesting the exemption must certify that his or her case is included in one of the categories of exempt cases listed in Rule 3. The request for exemption must also include a summary of facts which supports the party's contentions. For good cause shown, an appropriate case may be removed from the program upon the filing of an untimely request for exemption; however, such filing may subject the requesting party to sanctions by the commissioner.[4]

This case has a probable jury award value greater than $50,000.00. Brenda's past medical bills to date total $9,674.21. The emotional impact this experience had on Brenda, in addition to the pain of being that resulted from this crash, will more likely than not result in a jury verdict in excess of $50,000.00. While Brenda's medical bills total only $9,674.21, this does not take into account Brenda's damages for pain, suffering, and the interruption in her life. Moreover, the medical specials do not take into account the mental pain and anguish created when Brenda's own insurance company refused to participate in this matter in good faith. As such good cause exists for removal of this case from the arbitration program.

///
///
///
///
///
///

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

---

[3] NAR 3(A).
[4] NAR 5(A).

1    I hereby certify pursuant to NRCP 11 this case to be within the exemption marked above

2 and am aware of the sanctions which may be imposed against any attorney or party who without

3 good cause or justification attempts to remove a case from the arbitration program.

4    DATED this 22nd day of February, 2018.

5                                    LASSO INJURY LAW

6

7

8                                    Al Lasso, Esq.
                                     Nevada Bar No. 008152
9                                    Evan K. Simonsen, Esq.
                                     Nevada Bar No. 013762
10                                   10161 Park Run Dr., Suite 150
11                                   Las Vegas, Nevada 89145
                                     *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LASSO INJURY LAW**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777 – Fax: (702) 835-6981

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY THAT on the 22nd day of February 2018, I caused to be served a true and correct copy of the foregoing **PLAINTIFF'S PETITION FOR EXEMPTION FROM ARBITRATION** on the following person(s) by electronic service pursuant to NRCP 5 and NEFCR 9:

James W. Howard, Esq.
THE HOWARD LAW FIRM
1835 Village Center Circle
Las Vegas, Nevada 89134
*Attorney for Defendant*

An Employee of Lasso Injury Law

Exhibit D

Las Vegas Justice Court
Electronically Filed
2/27/2017 1:41:14 PM
Joe Bonaventure
CLERK OF THE COURT

1   **COMP**
AL LASSO, ESQ.
2   Nevada Bar No.:8152
EVAN K. SIMONSEN, ESQ.
3   Nevada Bar No. 13762
**LASSO INJURY LAW, LLC.**
4   10161 Park Run Dr., Suite 105
Las Vegas, Nevada 89145
5   al@lassoinjurylaw.com
evan@lassoinjurylaw.com
6   PH: (702) 625-8777/FAX: (702) 835-6981
*Attorneys for Plaintiff*
7

8                **IN THE JUSTICE COURT OF LAS VEGAS TOWNSHIP**

9                     **COUNTY OF CLARK, STATE OF NEVADA**

10

11  BRENDA MONARREZ,  an Individual          CASE NO.:    17C003916

12                     Plaintiff,            DEPT NO.:

v                                                Department #: LVJC 4
13

14  PROGRESSIVE DIRECT INSURANCE
COMPANY, an Ohio insurance company; DOES
15  I through X; and ROE BUSINESS ENTITIES XI
through XX, inclusive,
16

17                    Defendants.

18                       **COMPLAINT**

19       Plaintiff complains and alleges as follows:

20                            I.

21  W/O   At all times relevant hereto, Plaintiff BRENDA MONARREZ, is and was a resident of the

22

23  Clark County, Nevada.

24

25

26

27

28
                         Page 1 of 6

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

II.

A     Upon information and belief, at all times relevant herein, Plaintiff believes that Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY (hereinafter "Progressive" or "Defendant"), was and is an Ohio insurance company doing business and providing insurance in the State of Nevada, County of Clark.

III.

That the true names or capacities, whether corporate, associate, individual or otherwise, of Defendants, DOES I through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and proximately caused injury and damages thereby to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of DOES I through X when the same have been ascertained and to join such Defendants in this action.

IV.

That the true names or capacities of Defendants, ROE BUSINESS ENTITIES XI through XX, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Defendants designated herein as ROE BUSINESS ENTITIES XI through XX, and each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of, any and/or all Defendants named herein; and/or are entities responsible for the supervision of the individually named Defendants at the time of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way

Page 2 of 6

to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Plaintiff is informed and, on that basis believes and thereon alleges, that each of the Defendants designated as a ROE BUSINESS ENTITY is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damages to Plaintiff as herein alleged.  Plaintiff will seek leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

V.

On or about March 15, 2016, Brenda was involved in a vehicle collision. At the time of the collision, Brenda was completely stopped behind a red car in the travel lane of two north of Mountain Vista, due to a white pickup truck making a right turn into a private drive from the northbound travel lane of two on Mountain Vista.  At that same date and time, one, Jessica Fein, who was driving a 2004 Hyundai Elantra, was northbound on Mountain Vista in the travel lane of two directly behind Brenda, did not decrease speed as she approached the stopped vehicles and collided with the rear of Brenda's vehicle. Upon a field investigation, Ms. Fein left about 55 foot of visible pre-impact skid.  As a result of the collision, Brenda suffered moderate property damage. As a result of the collision, Brenda suffered personal injuries, with medical bills totaling over $9,700.00.  Jessica Fein was cited for following too close.

VI.

At the time of the March 15, 2016 collision, Brenda maintained a policy of insurance with Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY, which provided underinsured motorist coverage in the amount of One Hundred Thousand Dollars ($15,000.00) per person. Plaintiff paid a premium for this underinsured motorist coverage.

Page 3 of 6

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

VII.

At the time of the March 15, 2016 collision, Ms. Fein maintained an insurance policy, with limits of Fifteen Thousand Dollars ($15,000.00). Jessica Fein, through her insurance company, tendered the policy limits of Fifteen Thousand Dollars ($15,000.00) to Brenda. Because Brenda's total damages exceeded the policy limits of Fein's liability insurance, she made an underinsured motorist claim under her policy with her insurer, the Defendant, Progressive. Brenda made a claim for the entire Fifteen Thousand Dollar ($15,000.00) policy.

VIII.

On or about February 13, 2017, the Defendant wrongfully offered Brenda Five Hundred Dollars ($500.00) to settle her claim for benefits under the underinsured motorist policy. Progressive indicated that a review of our client's demand was made and an offer of $500.00 was made to cover special damages, and general damages.

IX.

Progressive breached its contract with Brenda by choosing not to pay the benefits under Brenda's underinsured motorist policy.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

1.  The Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein, and incorporates the same herein by reference.

2.  At all times relevant herein, Plaintiff and Defendant were parties to a valid and enforceable contract whereby Plaintiff paid premiums in exchange for benefits under an underinsured motorist insurance policy.

3.  Defendant has refused, and continues to refuse to pay sums legally due and owing to Plaintiff pursuant to the terms of the subject insurance policy.

Page 4 of 6

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

4.      The Defendant's choice to not pay the sums legally due and owing to Plaintiff pursuant to the terms of the subject insurance policy is a material breach of the said insurance policy.

5.      As a direct and proximate result of the breach of contract, Plaintiff has suffered general damages, in an amount in excess of Ten Thousand Dollars ($10,000.00), and special or consequential damages, which would be foreseeable to a reasonable person in the insurer's position, in an amount to be proven at the time of trial, together with prejudgment interest at the rate allowed by law.

6.      It has been necessary for Plaintiff to retain the services of attorneys to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### (Special Damages)

7.      Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

8.      Plaintiff has and will have to incur attorney fees to enforce her rights as a result of the conduct of the Defendant indicated in the First Claim for Relief.

9.      The attorneys' fees that Plaintiff has and will incur are foreseeable damages arising from the breach of Agreements set forth in the First Claim for Relief.

10.     The attorneys' fees that Plaintiff has and will incur are the natural and proximate consequence of the conduct referred to above and in the First Claim for Relief.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

11.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

12.   An actual controversy has arisen amongst the parties with respect to the allegations set forth above.

13.   Plaintiff seeks declaratory relief from the Court with respect to the rights and obligations of the parties, to the extent said rights and obligations are not fully governed by the claims for relief set forth above.

WHEREFORE, Plaintiff, BRENDA MONARREZ, expressly reserving her right to amend her Complaint at the time of trial, to include all items of damage not yet ascertained, demands judgment against Defendants, PROGRESSIVE DIRECT INSURANCE COMPANY; DOES I through X; and ROE BUSINESS ENTITIES XI through XX, inclusive and each of the defendants as follows:

1.   For general damages and special damages in an amount not to exceed $15,000.00;

2.   Special Damages according to proof;

3.   For reasonable attorney's fee and costs of suit; and

4.   For such other relief as the Court deems just and proper.

DATED this 24th day of February, 2017.

LASSO INJURY LAW, LLC.

Al Lasso, Esq.
Nevada Bar No. 8152
Evan K. Simonsen, Esq.
Nevada Bar No. 13762
10161 Park Run Drive, Ste. 150
Las Vegas, Nevada 89145
*Attorneys for the Plaintiff*

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

Monarrez

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Progressive Insurance
ATTN: Claims
400 North Stephanie Street, 4th Floor
Henderson, NV 89014

9590 9402 2217 6193 7315 09

2. Article Number (Transfer from service label)

7015 3010 0000 1910 3562

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X S. Beebe
☐ Agent
☐ Addressee

B. Received by (Printed Name)
S. Beebe

C. Date of Delivery
7/5/17

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Wm Demard

Las Vegas Justice Court
Electronically Filed
3/3/2017 11:09:37 AM
Joe Bonaventure
CLERK OF THE COURT

1
AFFT
Lasso Injury Law, LLC

2
Al Lasso, Esq.

3
10161 Park Run Dr., Ste. 105
Las Vegas , NV 89145

4
State Bar No.: 8152

5
Attorney(s) for: Plaintiff(s)

6

7
JUSTICE COURT, LAS VEGAS TOWNSHIP
CLARK COUNTY,  NEVADA

8

9
Case No.: 17C003916
Dept. No.:LVJC 4

10
Brenda Monarrez
Date:
                        vs                                    Plaintiff(s)
Time:

11
Progressive Direct Insurance Company, an Ohio insurance company;

12
DOES I through X; and ROE Business Entities XI through XX, inclusive
Defendant(s)

13

14
AFFIDAVIT OF SERVICE

15
I, Joe Ricondo, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the

16
United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and

17
not a party to or interested in the proceeding in which this affidavit is made.  The affiant received 1 copy(ies) of the:

18
Summons; Complaint; Check (1) for Insurance Commissioner ($30) on the 2nd day of March, 2017 and served

19
the same on the 2nd day of March, 2017 at 11:16 am by serving the Defendant(s), Progressive Direct Insurance

20
Company, an Ohio insurance company by personally delivering and leaving a copy at Nevada Division of

21
Insurance, 2501 E. Sahara Ave., Ste. 302, Las Vegas, NV 89104 with  Rhonda Kelly as Legal Secretary an

22
agent lawfully designated by statute to accept service of process.

23

24

25

26

27

28

29

30

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
LISA ANNE WHARTON
Appt. No. 16-2934-1
My Appt. Expires June 16, 2020

31

32

33
State of Nevada, County of  Clark

34
SUBSCRIBED AND SWORN to before me on this                    Affiant - Joe Ricondo # R-053662

35
2nd    day of         March            2017

36
                                                                                       Legal Process Service      License # 604
Notary Public   Lisa Anne Wharton                                WorkOrderNo 1701460

103

(702) 471-7255

Legal Process Service, 724 S. 8th Street, Las Vegas, NV 89101

Exhibit E

Electronically Filed
1/30/2018 9:52 AM
Steven D. Grierson
CLERK OF THE COURT

1  **NOEJ**
   JAMES W. HOWARD, ESQ.
2  Nevada Bar No. 4636
   THE HOWARD LAW FIRM
3  9030 W. Cheyenne Avenue, #210
   Las Vegas, Nevada 89129
4  Tel: 702-293-4600
   Fax: 702-993-4009
5  Attorneys for Defendant
   jhoward@howardlawlv.com
6

7                    **DISTRICT COURT**

8                **CLARK COUNTY, NEVADA**

9  BRENDA MONARREZ, an Individual,        | Case No.   A-17-764850-C
10                                         | Dept. No.   X
                Plaintiff,
11
   vs.
12                                          **NOTICE OF ENTRY OF ORDER**
   PROGRESSIVE DIRECT INSURANCE
13 COMPANY, an Ohio insurance company;
   DOES I through X; and ROE BUSINESS
14 ENTITIES XI through XX, inclusive,
15             Defendants.

16        PLEASE TAKE NOTICE that an Order was entered by the Court in the above-captioned matter

17 on the 24th day of January, 2018, a copy of which is attached hereto.

18        DATED this 30 day of January, 2018.

19                              THE HOWARD LAW FIRM

20                                /s/ James W. Howard

21                              By
                                  JAMES W. HOWARD, ESQ.
22                              Nevada Bar No. 4636
                                9030 W. Cheyenne Avenue, #210
23                              Las Vegas, Nevada 89129
                                Attorneys for Defendant
24

25

26

27

28

                                    1

**CERTIFICATE OF SERVICE**

I hereby certify that service of a true and correct copy of **NOTICE OF ENTRY OF ORDER** was made on the _30_ day of January, 2018, as indicated below:

   ___    By first class mail, postage prepaid from Las Vegas, Nevada pursuant to N.R.C.P. 5(b) addressed as follows below
   ___    By facsimile, pursuant to EDCR 7.26 (as amended)
         By receipt of copy as indicated below
   √     Via Court authorized electronic service

Al Lasso, Esq.
10161 Park Run Drive, #105
Las Vegas, NV 89145
*facsimile: 702-835-6981*
Attorney for Plaintiff

/s/ Karen Thomas

An Employee of THE HOWARD LAW FIRM

2

◻ ORIGINAL

Electronically Filed
1/24/2018 4:34 PM
Steven D. Grierson
CLERK OF THE COURT

**OGM**
1  JAMES W. HOWARD, ESQ.
   Nevada Bar No. 4636
2  THE HOWARD LAW FIRM
   9030 W. Cheyenne Avenue, #210
3  Las Vegas, Nevada 89129
   Tel: 702-293-4600
4  Fax: 702-993-4009
   Attorneys for Defendant
5  jhoward@howardlawlv.com

6

                    **DISTRICT COURT**
7                **CLARK COUNTY, NEVADA**

8  BRENDA MONARREZ, an Individual,

9            Plaintiff,                    Case No.   A-17-764850-C
                                           Dept. No.    X
   vs.
10
   PROGRESSIVE DIRECT INSURANCE
11 COMPANY, an Ohio insurance company;     **ORDER GRANTING MOTION**
   DOES I through X; and ROE BUSINESS
12 ENTITIES XI through XX, inclusive,

13            Defendants.

14      This matter having come on for hearing before the Honorable Court on the 21st of December,

15 2017, with Al Lasso, Esq., having appeared on behalf of Plaintiff, and James W. Howard, Esq., having

16 appeared on behalf of the Defendants, and the Court having considered papers and pleadings on file

17 herein and the oral argument of the counsel, it is

18      HEREBY ORDERED that Plaintiff's Motion to Consolidate Claims is Granted.

19

20

21

22

23

24

25

26

27

28  . . .

                                   1

1    IT IS ALSO HEREBY ORDERED the issues of whether there was a breach of contract and

2    allegations of bad faith will be bifurcated for trial purposes.

3        DATED this 17 day of January 20 8.

4

5                                                    District Court Judge

6    Submitted by:                                          Js

7    By:

8    James W. Howard, Esq.
     Nevada Bar No. 4636

9    THE HOWARD LAW FIRM
     9030 W. Cheyenne Avenue, #210

10   Las Vegas, NV 89129
     Attorney for Defendant

11

12

13

14

15   Approved as to form and content:

16

17   By:
     Al Lasso, Esq.                  1-5-18

18   Nevada Bar No. 8152
     10161 Park Run Dr., Suite 150

19   Las Vegas, NV 89145
     Attorney for Plaintiff

20

21

22

23

24

25

26

27

28